UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| EQT GATHERING, LLC, | ) |
| Plaintiff, | ) Civil Action No. 12-58-ART |
| v. | ) |
| A TRACT OF PROPERTY SITUATED IN KNOTT COUNTY, KENTUCKY, *Corresponding to Property Tax Map Number 87, Parcel 47 (160 acres)*, et al., | ) **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

On June 13, 2012, EQT Gathering, LLC, a company that constructs, maintains, and operates natural gas pipelines, filed this condemnation action under Kentucky Revised Statutes §§ 278.502 and 416.550 through 416.670.  Compl., R. 1 ¶¶ 1, 4, 13.  EQT wants certain rights-of-way on 160 acres of property in Knott County, Kentucky, so that it can maintain and operate an existing natural gas pipeline.  *Id.* ¶ 6.  Consistent with Federal Rule of Civil Procedure 71.1, which governs condemnation actions, EQT named as defendants the individuals that were known to "hav[e] or claim[] an interest in the property."  12 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 3045 (2d ed. 2012); *see* R. 1 at 1.  Since then, some of those individuals, Ruth Smith and the Unknown Heirs of Virgil Smith, no longer have an interest in the property because Ruth Smith executed a right-of-way agreement with EQT.  R. 26 at 1.  As a result, EQT filed a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) purporting to remove these defendants from the case

without prejudice.  R. 26.

EQT's notice of dismissal, however, is ineffective.  In the Sixth Circuit, a notice of dismissal under Rule 41(a)(1)(A)(i) can only be used to dismiss all claims against all defendants, not individual claims or parties.  That rule gives plaintiffs an absolute right to "dismiss an action without court order" by filing "a notice of dismissal" before an answer or motion for summary judgment is served.  The Sixth Circuit has interpreted "action" to mean "the entire controversy," in contrast to the word "claim," which "refers to what has traditionally been termed 'cause of action.'"  *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961)), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008).

That interpretation should not be surprising.  The law consistently uses the term "action" to refer to an entire case or controversy.  Historically, "action" and "suit" both referred to entire proceedings or cases.  *See, e.g.*, Black's Law Dictionary (9th ed. 2009) (third definition of "claim") ("A demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint *in a civil action* specifying what relief the plaintiff asks for." (emphasis added)); Fed. R. Civ. P. 1, Notes of Advisory Committee on Rules, 1966 Amendment; Fed. R. Civ. P. 2, Notes of Advisory Committee on Rules 1937 Amendment; Black's Law Dictionary (9th ed. 2009) (third definition of "claim") ("A demand for money, property, or a legal remedy to which one asserts a right; esp., the part of a complaint *in a civil action* specifying what relief the plaintiff asks for." (emphasis added)).  The only difference was their context: "action" referred to a case in a court of law and "suit" referred to a case in a court of equity.  Black's Law Dictionary (9th ed. 2009) (fourth

2

definition of "action"). The Federal Rules of Civil Procedure repeatedly employ this same understanding of "action" to refer to an entire proceeding:

- Rule 3 indicates that a "civil action" is "commenced by filing a complaint."
- Rule 20 allows multiple persons to be "join[ed] in one action as plaintiffs" and "as defendants" if certain requirements are met.
- Rule 23 governs procedures for "class actions," distinguishing them from the "litigation of the claims" within the action. *See* Fed. R. Civ. P. 23(b)(3)(C).
- Rule 32(a)(8) allows parties, under certain circumstances, to use a deposition filed "in any federal- or state-court action . . . to the same extent as if taken in the later action."
- Rule 42(a) permits consolidation of "actions" that "involve a common question of law or fact."
- Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties."
- Rule 79(a)(1) requires the Clerk to assign "consecutive file numbers" to all "actions" and to note each case number "in the docket where the first entry of the action is made."

Replace "action" with "claim" in the above examples, and they become nonsensical. Indeed, one need only look at the docket sheet for this case to come to this conclusion: it is a singular "Civil Action No. 12-58," not multiple actions. *Accord U.S. Airways, Inc. v. PMA Capital Ins. Co.*, 340 F. Supp. 2d 699, 706 (E.D. Va. 2004) ("When additional defendants are joined, no second action is commenced and no new case number is assigned; rather, the action is then pending as to the joined defendants in addition to those parties already defendants. In sum, . . . an action commences only once."); *see also In re Pikeville School Bus Collision Cases*, Civil Nos. 11-158-ART, 11-159-ART, 2011 WL 6752564, at *1 (E.D. Ky. Dec. 23, 2011) (holding that "commencement of the action" in 28 U.S.C. § 1446(b) refers to the initial filing of the entire case and that a new action is not commenced when a new party intervenes in an existing action). As the Sixth Circuit concluded, the text of Rule 41(a)(1)(A)(i) permits a notice of dismissal only as to an entire proceeding.

3

That conclusion yields the following result: A plaintiff has an absolute right to dismiss all of his claims against all defendants without any court order under Rule 41(a)(1)(A)(i). Rule 21 permits only the Court, however, to dismiss fewer than all of the claims or parties. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). *Id.* Although other circuits hold contrary interpretations of Rule 41, *see* 9 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 2362 n.9 (3d ed. 2012) (collecting cases from the Fifth, Eighth, and Eleventh Circuits), district courts in this circuit have consistently applied Sixth Circuit precedent as limiting notices of dismissal to those that eliminate all claims against all defendants. *See, e.g.*, *Warfel v. Chase Bank USA, N.A.*, No. 2:11-CV-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012); *Burgess v. Chase Bank USA, N.A.*, No. 3:11-CV-0793, 2012 WL 379602, at *2 (M.D. Tenn. Jan. 9, 2012); *NECA-IBEW Pension Fund ex rel. Cincinnati Bell, Inc. v. Cox*, No. 1:11-CV-451, 2011 WL 6751459, at *3 (S.D. Ohio Dec. 22, 2011); *Barrientos v. UT-Battelle LLC*, 284 F. Supp. 2d 908, 916 (S.D. Ohio 2003).

To be sure, a later Sixth Circuit panel in *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753 (6th Cir. 1974), seemed to retreat from this interpretation. There, the district court dismissed all claims against one of two defendants at the beginning of trial. *Id.* at 755. To do so, the court invoked Rule 41(a)(2), which permits a district court to dismiss an "action" at the plaintiff's request "on terms that the court considers proper" "except as provided in Rule 41(a)(1)." *Id*. The Sixth Circuit affirmed the dismissal without offering any explanation of why Rule 41 was applicable. *Id.* at 757.

There are two ways to explain *Banque*'s affirmance. On one hand, perhaps the Sixth Circuit continued to interpret "action" as referring to the entire proceeding, but concluded

4

that one of the "terms" that the district court considered proper was dismissal of less than the entire proceeding to avoid prejudice to another party. On the other hand, perhaps the Sixth Circuit permitted the dismissal because it interpreted "action" in Rule 41(a)(1) to mean something less than the entire proceeding.

Neither interpretation of *Banque* changes anything. Under the former interpretation, *Banque* does not apply: while Rule 41(a)(2) would permit the Court to dismiss less than the entirety of the action as a condition of dismissal, the rule under which EQT filed a notice of voluntary dismissal—Rule 41(a)(1)(A)(i)—does not permit the Court to impose any such conditions. *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993) (holding that a notice of dismissal is "self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal"); *D.C. Electronics, Inc. v. Narton Corp.*, 511 F.2d 294, 298 (6th Cir. 1975) ("Other than to determine . . . whether an answer or motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i)."). Under the latter interpretation of *Banque*, *Banque* is not binding because its interpretation contradicts *Philip Carey*'s earlier interpretation of "action" as referring to the entire proceeding, and *Philip Carey* controls as the earlier published opinion. *Darrah v. City of Oak Park*, 255 F.3d 301, 310 (6th Cir. 2001) ("[W]hen a later decision of this court conflicts with one of our prior published decisions, we are still bound by the holding of the earlier case.").

At the end of the day, though, isn't this just a procedural tempest in a judicial teapot? Who cares which rule is the correct one? Yet picking the right rule makes a difference: while a *plaintiff* can *unilaterally* dismiss an action under Rule 41(a)(1)(A)(i), only a *court* can add or drop parties or sever claims under Rule 21. And this difference matters. Rule 41

empowers plaintiffs to "abort a complaint" and bars the court from interfering, but only under circumstances that guarantee a lack of prejudice to the other side—that is, when unilaterally dismissing all claims against all defendants at the outset of the case under Rule 41(a)(1)(A)(i) or by getting all parties who have appeared to agree to dismissal under Rule 41(a)(1)(A)(ii). *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). Dropping less than the entirety of an action, however, risks prejudice to the other parties. *E.g.*, *Lester v. Wow Car Co., Ltd.*, No. 2:11-CV-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("In certain situations, a Rule 41 dismissal of an individual defendant has the effect of depriving the defendant of a full and fair opportunity to challenge the dismissal that would have been provided under Rule 21."). So rather than leaving that evaluation of prejudice up to plaintiffs alone, Rules 21 and 41(a)(2) opt for a court's determination of prejudice, which also gives the other parties a chance to object to or request conditions on dismissal.

Whatever one thinks of the Sixth Circuit's approach in the normal civil context, it is particularly clear that Rule 41(a)(1)(A)(i) does not permit partial dismissals in property condemnation actions. Under Rule 71.1, which governs procedures in condemnation actions, the rest of the Federal Rules of Civil Procedure apply "except as [Rule 71.1] provides otherwise." Fed. R. Civ. P. 71.1(a). And with respect to dismissals, Rule 71.1(i) does provide otherwise. Rule 71.1(i)(A)—the counterpart to notice of dismissals under Rule 41(a)(1)(A)(i)—permits a plaintiff to unilaterally dismiss a condemnation "action as to that property," not as to individual defendants. By contrast, Rule 71.1(i)(2) permits the court, "at any time," to "dismiss a defendant who was unnecessarily or improperly joined."

Consequently, EQT cannot invoke Rule 41(a)(1)(A)(i) to unilaterally dismiss individual defendants from this condemnation action. Instead, Rule 71.1(i)(2) requires the

6

Court to approve such a dismissal. And under Rule 71.1(i)(2), the Court may dismiss any defendants who no longer have an interest in the property to be condemned. Fed. R. Civ. P. 71.1, 1951 Notes of Advisory Committee on Rules, note to subdivision (i). The Court therefore dismisses Ruth Smith and the Unknown Heirs of Virgil Smith from this case.

Of course, seven pages is a long way to travel to get to an outcome that would be no different under Rule 41. But the procedural vehicle makes a difference, and the parties deserve an explanation for why the Court took a different route than the ones they intended. And in this case, it is the journey, not the destination, that matters.

Accordingly, it is **ORDERED** that the Clerk shall **REDOCKET** EQT Gathering LLC's notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), R. 26, as a motion for partial dismissal without prejudice under Federal Rule of Civil Procedure 71.1(i)(2). Upon conversion, that motion is **GRANTED**. All claims in the complaint against Ruth Smith and the Unknown Heirs of Virgil Smith, R. 1, are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall **TERMINATE** Ruth Smith and the Unknown Heirs of Virgil Smith as defendants in this case.

This the 24th day of August, 2012.

Signed By:
*Amul R. Thapar* AT
United States District Judge