UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| EQT GATHERING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> A TRACT OF PROPERTY SITUATED IN KNOTT COUNTY, KENTUCKY, *Corresponding to Property Tax Map Number 87, Parcel 47 (160 acres)*, et al., <br><br> Defendants. | Civil Action No. 12-58-ART <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal Rule of Civil Procedure 71.1 establishes a streamlined procedure for eminent domain actions brought in federal court. EQT Gathering, LLC, a company that constructs, maintains, and operates natural gas pipelines, filed this diversity Rule 71.1 action to acquire rights of way on 160 acres of property in Knott County, Kentucky. Compl., R. 1 ¶¶ 1, 4, 13. The rights of way will allow EQT to maintain and operate an existing pipeline—the Mayking Node 3—that crosses the land. *Id.* at ¶ 6. EQT now moves for the appointment of commissioners to determine the value of the land. R. 31. Because Rule 71.1 does not permit such an appointment at this stage of the litigation, the motion is denied.

## DISCUSSION

Rule 71.1 standardized eminent domain proceedings in federal court. Before the rule, the procedures for eminent domain actions varied from case to case depending on the source of the plaintiff's condemnation authority. *See United States v. Keller*, 142 F.3d 718, 725 (4th Cir. 1998) (Traxler, J., dissenting). For example, the Natural Gas Act required district courts

to use—to the extent possible—the procedure of the state where the property was located. *See* 15 U.S.C. § 717f (h). Rule 71.1 put an end to that disorder. *See Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 4 n.2 (1984) ("[Rule 71.1] capped an effort to establish a uniform set of procedures governing all federal condemnation actions."). Rule 71.1 now governs all "proceedings to condemn real or personal property," including actions "involving eminent domain under state law." Fed. R. Civ. P. 71.1(a), (k).

Rule 71.1 sets out a two-stage process for eminent domain proceedings. The first stage is an expedited determination of the validity of the taking. *See Gov't of the Virgin Islands v. 19.623 Acres of Land, etc.*, 536 F.2d 566, 569 (3d Cir. 1976); *United States v. 58.16 Acres of Land, etc.*, 478 F.2d 1055, 1059 (7th Cir. 1973). Any properties the plaintiff wishes to condemn may be joined in one action, regardless of ownership or the public purpose for the taking. Fed. R. Civ. P. 71.1(b). A defendant's answer must be comprehensive; objections or defenses not included in the answer are waived. Fed. R. Civ. P. 71.1(e)(2)–(3). The district court then holds a bench trial on the takings issue. Fed. R. Civ. P. 71.1(h)(1). If the taking is proper, the case proceeds to the second stage: a determination of just compensation. *See Gov't of the Virgin Islands*, 536 F.2d at 569; *58.16 Acres of Land, etc.*, 478 F.2d at 1059. All defendants—whether or not they contested the taking—may present arguments about the proper amount of compensation. Fed. R. Civ. P. 71.1(e)(1), (3). The district court holds a bench trial on the compensation issue unless: (1) a federal statute requires a different tribunal, or (2) a defendant demands a jury trial. Fed. R. Civ. P. 71.1(h)(1). If a defendant demands a jury trial, the district court may choose to appoint a three-member commission if the facts are very complex. Fed. R. Civ. P.

71.1(h)(2); *see also N. Border Pipeline Co. v. 64.11 Acres of Land in Will Cnty., Ill.*, 344 F.3d 693, 695 (7th Cir. 2003) (discussing reasons for appointing a commission).

When federal jurisdiction is based on diversity, the procedure is the same—with one exception: "[I]f state law provides for trying an issue by jury—or for trying the issue of compensation by jury or commission or both—that law governs." Fed. R. Civ. P. 71.1(k). In other words, the defendant gets the same decisionmaker in federal court that he would have if the proceeding had been brought in state court.

In Kentucky, the issue of compensation is first addressed in a report by a commission, and then a jury tries any objections to that report. Under the Kentucky Eminent Domain Act, the state court appoints a commission at the start of the proceedings to determine compensation. The commissioners have fifteen days to file a report. Ky. Rev. Stat. § 416.580. Once the report is submitted, the state court conducts a bench trial on the takings issue. If the plaintiff can take the property, the state court enters an interlocutory judgment accepting the report and authorizing the plaintiff to take the property after paying the amount in the commissioners' report. If the plaintiff cannot, the state court dismisses the case. Ky. Rev. Stat. § 416.610. The parties have thirty days to file exceptions to the interlocutory judgment, and all exceptions dealing with compensation must be tried by a jury. Ky. Rev. Stat. § 416.620. As explained, Rule 71.1(k) defers to the state's chosen decisionmaker on the issue of compensation. So in this case the amount of just compensation is determined first by commission and then, if either party raises objections, by appeal to a jury.

EQT argues that because Kentucky law provides for immediate appointment of a commission, this Court must follow that procedure. Neither the text of Rule 71.1(k) nor the structure of Rule 71.1 supports EQT's argument.

For EQT to be correct, Rule 71.1(k) must incorporate both the state's chosen decisionmaker on the issue of compensation and also the state's procedures for determining compensation. The Rule does not do that. Most states try the issue of compensation in one of three ways: (1) by commission, (2) by jury; or (3) by commission with a right to appeal to a jury. *See* Fed. R. Civ. P. 71.1 advisory committee's note. Rule 71.1(k) simply "accepts the state law as to the tribunals to fix compensation" in diversity cases. *Id.*; *see also City of Arlington, Tex. v. Golddust Twins Realty Corp.*, 41 F.3d 960, 964 n.2 (5th Cir. 1994) ("[E]xcept for the issue of whether a jury may hear the case, a federal court hearing a condemnation case under a state's power of eminent domain must follow the procedures in Rule 71A [later renamed Rule 71.1]."). It does not require a federal court to mimic all the associated state procedural rules for setting compensation. For example, assume that state law provides for trial by jury on the issue of compensation. Rule 71.1(k) does not require a federal court to empanel the same number of jurors or conduct voir dire in the same manner as the state court. *See Donovan v. Town of Edgartown, Mass.*, 570 F. Supp. 2d 174, 175 (D. Mass. 2008).

Rule 71.1 requires a district court to address the validity of a taking before addressing compensation; appointing a commission now would reverse that order. Multiple sections of Rule 71.1 indicate that compensation is addressed after the takings issue. *See* Fed. R. Civ. P. 71.1(c)(3) (all defendants who have an interest in the property must be named "before any

hearing on compensation"); Fed. R. Civ. P. 71.1(d)(2)(A)(vi) (a failure to answer the complaint signals "consent to the taking and to the court's authority to proceed with the action and fix the compensation"); Fed. R. Civ. P. 71.1(e)(3) (any defendant, whether he has answered or not, may present evidence "at the trial on compensation"). Appointing commissioners now would invert that order by placing the compensation cart before the takings horse. It is not hard to understand why the rule requires a court to deal with the takings issue first: If the taking is invalid, there is no need for the time-consuming and expensive exercise of determining compensation. *See City of Joliet v. Mid-City Nat. Bank of Chicago*, 2012 WL 638735, at \*6 (N.D. Ill. Feb. 22, 2012) ("The Rule expressly contemplates the compensation hearing as a separate phase. . . . [O]nly if Joliet's taking is permitted would a compensation hearing arise at all."); *see also* Fed. R. Civ. P. 71.1 advisory committee's note (committee debated the comparative expense of commissions and jury trials when it drafted the rule). EQT is correct that Kentucky has chosen a different arrangement, one where the compensation and the validity of the taking issues initially proceed in tandem. But Rule 71.1(k) is a narrow exception to the general procedure set out in Rule 71.1. It would be strange to read Rule 71.1(k) as requiring the district court to follow state procedures that rewrite Rule 71.1. Talk about an exception swallowing the rule.

Furthermore, a broad interpretation of Rule 71.1(k) cannot be squared with the main purposes of Rule 71.1—clarity and uniformity. Rule 71.1 was designed "to provide a unified and coherent set of rules and procedures to be used in deciding federal eminent domain actions." *S. Natural Gas Co. v. Land, Cullman Cnty.*, 197 F.3d 1368, 1375 (11th Cir. 1999). A broader interpretation of Rule 71.1(k), one that requires the district court to follow the

state's procedures on the issue of compensation, injects variation into a rule designed to create uniformity. In diversity cases, the district court would have to examine the state procedures and determine which, if any, were incorporated by Rule 71.1(k). It is not clear what yardstick a district court would use to make that determination, as there is no guidance in the text or notes of Rule 71.1(k). This risks returning the federal courts to the pre-Rule 71.1 state of "confus[ion]" due to "the countless problems occasioned by the requirements of conformity to state law." Fed. R. Civ. P. 71.1 advisory committee's note.

EQT argues that this Court has appointed commissioners before the trial on the takings issue in the past, but it is incorrect. In a prior case, the Court put answering and non-answering defendants on separate tracks to expedite the proceedings. The Court allowed EQT to move for summary judgment on the takings issue against the non-answering defendants. *EQT Gathering, LLC v. A Tract of Property Situated in Letcher Cnty., Ky., etc.*, No. 09-79 (E.D. Ky. Jan. 20, 2010), at R. 49. After summary judgment was granted, the Court granted EQT's motion to appoint commissioners to determine the value of the non-answering defendants' land. *Id.* at R. 52. The Court later accepted EQT's request to dispense with the commission and evaluate compensation based on appraisals instead. *Id.* at R. 54. Then the Court entered judgment in favor of EQT. *Id.* at R. 57. For the answering defendants, the Court allowed the parties three months discovery on the takings issue. EQT then settled with the answering defendants, thereby ending the case. *Id.* at R. 51. This Court's past practice conformed to Rule 71.1, not to Kentucky's Eminent Domain Act.

Accordingly, it is **ORDERED** that:

(1) EQT Gathering, LLC's motion to appoint commissioners, R. 31, is **DENIED**.

(2) A telephone conference is scheduled for **Monday, December 10, 2012 at 2:00 p.m.** to discuss the parties' positions regarding a discovery schedule for the takings issue, R. 33; R. 34. The parties shall **DIAL-IN** to the telephone conference as follows:

   a. Call AT&T Teleconferencing at 1-877-873-8017;

   b. Enter access code 8284218 (followed by "#");

   c. When prompted, enter the security code, 1234 (followed by "#").

(3) The parties **SHALL** review the attached proposed order before the telephone conference. If the parties object to the proposed order, they must **FILE** their objections in the record by **Thursday, December 6, 2012**. This filing must include an explanation for the objection as well as a proposed alternative. As the order attempts to accommodate both parties' proposals, the parties should not simply restate the positions from their original filings.

This the 5th day of December, 2012.

Signed By:
*Amul R. Thapar*  AT
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| EQT GATHERING, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-58-ART |
| v. | ) ) ) | |
| A TRACT OF PROPERTY SITUATED IN KNOTT COUNTY, KENTUCKY, *Corresponding to Property Tax Map Number 87, Parcel 47 (160 acres)*, et al., | ) ) ) ) ) | **PROPOSED ORDER** |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to Rules 16 and 71.1 of the Federal Rules of Civil Procedure, it is **ORDERED** as follows:

### SETTLEMENT CONFERENCE

(1) The parties **DO NOT DESIRE** to participate in a settlement conference/mediation with the Magistrate Judge. When the parties believe a settlement conference would be beneficial, they shall jointly contact the Magistrate Judge's chambers to schedule such a conference. In making such a request, the parties should consider a Court conducted settlement conference to be a one-time opportunity that, if unsuccessful, will not be reconvened in the absence of extraordinary developments indicating a reasonable possibility of settlement. Upon receipt of a joint request, the Magistrate Judge will enter

a separate order setting the specific date and time and providing the filing and attendance requirements

## DISCOVERY

(1) The parties shall observe the following deadlines:

    a. The parties have advised the Court that the parties have exchanged Rule 26(a)(1) information.

    b. Supplementation of disclosures and responses as required by Rule 26(e) are due within 30 days of discovery of new information, but no later than **Friday, January 4, 2013**.

    c. Rule 26(a)(2) identification of experts and disclosure of reports are due: (i) from the plaintiff by **Friday, December 21, 2012**; and (ii) from the defendants by **Wednesday, January 9, 2013**.

    d. All fact and expert discovery shall be completed by **Tuesday, March 5, 2013**.

(2) Pursuant to Federal Rule of Civil Procedure Rule 5(d), the parties shall observe the following directives regarding the filing of discovery materials in this case unless the Court otherwise specifically so orders:

    a. Rule 26(a)(1) Initial Disclosures, Interrogatories and Answers or other responses thereto, Requests for Production of Documents and Answers or other responses thereto, Requests for Admission and Answers thereto, and any documents or tangible things produced pursuant to

        such discovery requests, as well as any discovery depositions not subject to part (b) below, shall not be filed.

    b.     Any and all discovery depositions cited in any motion, including motions for summary judgment, or which may be used at trial for impeachment or other purposes, and any other discovery materials necessary to the decision of any motion filed herein shall be filed of record in this case.

(3)     Discovery disputes shall be resolved in the following manner:

    a.     The parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention.

    b.     If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge pursuant to the referral set forth below

    c.     If, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court. Any written motion regarding discovery shall include a certification detailing counsel's attempts to resolve the dispute as required by Rule 37(a)(1) and Local Rule 37.1.

    d.     The Court will not enforce any agreements to extend discovery deadlines without Court approval. *See, e.g.*, *Hall v. Letcher Cnty. Fiscal Court*, No. 08-CV-163, 2009 WL 4729953, at *2 (E.D. Ky. Dec. 9, 2009) ("When the parties agree to provide discovery past the Court's

deadline, that agreement does not come under a Court order and will not be policed by the Court.").

## MID-DISCOVERY STATUS CONFERENCE

(1) A telephonic conference is **SCHEDULED** for **Tuesday, January 22, 2013**, at **10:30 a.m.** to discuss the status of discovery. At this time, the parties should be prepared to discuss scheduling for the bench trial on the takings issue. To access the conference call, the parties should follow the instructions listed at the end of this Scheduling Order. A court reporter is needed and will be provided by the Court.

## DISPOSITIVE MOTION DEADLINE

(1) The parties shall file all dispositive motions by **Monday, April 6, 2013**.

This the 7th day of December, 2012.